ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

August 9, 2011

The Honorable Mike Jackson
Chair, Committee on Economic Development
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0875

Re: Use of the judicial fund created by section 21.006 of the Government Code (RQ-0951-GA)

Dear Senator Jackson:

On behalf of the Harris County Civil Courts, you ask if the judicial fund created by Texas Government Code, section 21.006, "can be used to offset a statutory probate court's reduction in funding by the county commissioners' court."[1]

The judicial fund is "a separate fund in the state treasury to be administered by the comptroller." TEX. GOV'T CODE ANN. § 21.006 (West 2004). The Legislature created the judicial fund to "be used only for court-related purposes for the support of the judicial branch of this state." Id.; see Tex. Att'y Gen. Op. No. JC-0376 (2001) at 1 (concluding that compensation of court personnel is a court-related purpose). Numerous provisions within the Government Code require various Texas courts to collect court costs and fees and deposit them into the state judicial fund. See, e.g., TEX. GOV'T CODE ANN. §§ 51.005 (West 2005) (fees and costs for the Texas Supreme Court), 51.702(d) (West Supp. 2010) (fees in statutory county courts).

Under section 51.704 of the Government Code, the clerks of statutory probate courts must collect a "$40 filing fee in each probate, guardianship, mental health, or civil case filed in the court." Id. § 51.704(a) (West Supp. 2010). Each statutory probate court's clerk sends the collected fees to the comptroller, who must deposit them into the state judicial fund. Id. § 51.704(c). Under a separate provision of the Government Code, the state compensates "each county that collects the additional fees under Section 51.704 in an amount equal to $40,000 for each statutory probate court judge in the county." Id. § 25.00211(a) (West 2004); see also id. § 25.0022(e) (West Supp. 2010) (requiring the state, through judicial fund allocations, to pay an additional $5,000 for each presiding judge of the statutory probate courts). This amount is "paid to the county treasury for deposit in the contributions fund created under Section 25.00213 in equal monthly installments from funds appropriated from the judicial fund." Id. § 25.00211(b) (West Supp. 2010).

---

[1]Letter from Honorable Mike Jackson, Chair, Senate Committee on Economic Development, to Honorable Greg Abbott, Attorney General of Texas at 1 (Mar. 8, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

At the end of the fiscal year, the comptroller calculates the amounts deposited in the state judicial fund by the counties under section 51.704 and the sum of the amounts paid to the counties under sections 25.00211 and 25.0022. *Id.* § 25.00212(a). If the amount deposited by all counties under section 51.704 exceeds the amount returned to all counties under sections 25.00211 and 25.0022, the comptroller remits the excess funds proportionately to each county that, under section 51.704, deposited a greater amount in the judicial fund than the amount that county received under section 25.00211. *Id.* When the comptroller remits the excess funds, those dollars are paid into the county's contributions fund. *Id.* § 25.00212(b).

The Legislature requires that money allocated from the state judicial fund into a county's contributions fund "be used only for court-related purposes for the support of the statutory probate courts in the county." *Id.* § 25.00213(b). Beyond this requirement, we find no statutory restrictions on how the funds may be used. *See* Tex. Att'y Gen. Op. No. GA-0340 (2005) at 6 ("The commissioners court is authorized to make reasonable decisions as to whether a particular expenditure is for court-related purposes, subject to judicial review for abuse of discretion."). However, "[a] county may not reduce the amount of funds provided for the support of the statutory probate courts in the county because of the availability of funds from the county's contributions fund." TEX. GOV'T CODE ANN. § 25.00213(c) (West Supp. 2010). Neither your request letter nor the letter from the Harris County Probate Court details the nature of the specific county funding reductions for the statutory probate courts, but by statute a county may not reduce funding because a judicial fund allocation is available to offset the reduction. Further, a county may not use state judicial fund allocations in any manner that contravenes the requirements established by statute.

## S U M M A R Y

The Legislature requires that state judicial fund dollars allocated to a county's contributions fund be used only for court-related purposes for the support of the statutory probate courts in the county. Beyond this requirement, we find no statutory restrictions on how the funds may be used. However, a county may not reduce the amount of funds provided for the support of the statutory probate courts in the county because of the availability of funds from the county's contribution fund. A county may not use the allocated judicial funds contrary to these statutory requirements.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee